Jason DAVIS, Plaintiff,

v.

Paul RENNIE, et al., Defendants.

No. 96–CV–11598–MEL.

United States District Court,
D. Massachusetts.

Dec. 12, 2001.

Christopher M. Perry, Brendan J. Perry, Terance P. Perry, Brendan J. Perry & Associates, PC, Holliston, MA, for Plaintiff.

Richard H. Spicer, Robert Patten, Attorney General's Office, Boston, David Ricciardone, Worcester, Gerald E. Shugrue, Shugrue & Pendergast, Whitinsville, MA, Howard R. Meshnick, Attorney General's Office, Boston, MA, for Defendants.

## DECISION AND ORDER

LASKER, District Judge.

Because of an alleged conflict of interest, the Office of the Attorney General of the Commonwealth of Massachusetts (OAG), moves to withdraw from its representation the defendant-appellants in this case. The OAG has represented the defendants through trial and appeal to the Court of Appeals of the First Circuit. At trial, the jury rendered a verdict which imposed both compensatory and punitive damages on the five defendants. On September 5, 2001, the Court of Appeals affirmed the verdict.

On September 26, 2001, the OAG filed a motion in the Court of Appeals to stay the issuance of its mandate. The motion indicated the intent of the OAG to file a petition for *writ of certiorari* to the United States Supreme Court on behalf of the defendants. On October 18, 2001, the Court of Appeals granted a Stay of Mandate for a period of four months, or until the Supreme Court acted on a timely filed petition (whichever first occurred) on the condition that the defendants file a supersedeas bond in an amount equal to 120% of the judgment against the defendants. Thereafter, the Department of Mental Health (DMH) (the employer of the defendants) informed the OAG that it would be unable to post a bond on behalf of the defendants (who are themselves financially unable to do so) because it did not believe it had authority in light of the affirmance of the punitive damages award against the defendants for which it had no authority to indemnify.

The OAG argues that since it is designated by statute (M.G.L. ch. 253, § 3) as the sole authority to represent the Commonwealth and its departments, including DMH, it would be obligated, in the circumstances, to represent the DMH against any claims by the defendants to be indemnified for any punitive damages they may be required to pay the plaintiff. The OAG relies on M.G.L. ch. 258, § 2 for the proposition that where there is a conflict of interest in circumstances such as these, the OAG, by law, must represent the agency, and not the public employee. It points out further that under M.G.L. ch 258, § 9 "no [employees] shall be indemnified under this section for violation of the civil rights if he acted in a grossly negligent, willful or malicious manner."

The plaintiff opposes the OAG's motion contending that the Attorney General is "ethically and legally foreclosed" from representing the DMH in any possible future indemnification proceeding. The plaintiff argues that under the applicable disciplinary rules, and assuming that there might be a conflict of interest between the DMH and the defendants as to a claim by the defendants against DMH for indemnification of punitive damages, it is the obligation of the OAG to stand by its present clients and to arrange for other counsel to represent DMH.

The deficiency in this argument is that under M.G.L. ch. 12, § 3, the Attorney General is required to represent state departments in court. In contrast, the Attorney General's representation of public employees is discretionary, M.G.L. ch. 258, § 9. Moreover, as a condition to securing representation by the Attorney General in this litigation, each of the defendants wrote to the Attorney General on Novem-

ber 14, 1996,[1] stating that

> I am aware that you have undertaken this representation of me based upon the provisions of General Laws, Chapter 12, section 3E, and that you reserve the right to withdraw your appearance and be relieved of any obligation to defend me if, after investigation or at any time during the course of the proceedings, you determine that I am also aware that if you represent more to cooperate with the defense of this case. I cause of action arose, or that I have failed official duties or employment at the time the was not acting within the scope of my than one defendant in this case, you reserve your right to withdraw your appearance and be relieved of any obligation to defend me if, any time during the course of the proceedings, it appears that a conflict of interest may exist because of multiple representation.

Under these circumstances, that is, the obligation in law of the Attorney General to represent the Commonwealth or its departments, and the understanding between the defendants and the Attorney General that he had the right to withdraw as counsel in the case of a conflict of interest, the Attorney General's motion is allowed.

There remains the question of the point in time at which such withdrawal should occur. As indicated above, the OAG informed the Court of Appeals on September 26, 2001, of its intent to file a petition for *writ of certiorari* to the United States Supreme Court. Filing such a petition would not precipitate a conflict of interest between the Commonwealth and the defendants. Accordingly, the Attorney General's withdrawal is approved as of the date when the United States Supreme Court denies the defendants' petition for a *writ of certiorari* or, if the writ is granted,

upon affirmance of the judgment against the defendants.

The motion is granted as indicated.

It is so ordered.

---

1. All defendants, except Weigers signed this letter. Weigers did not seek OAG representation until after issuance of the verdict; at that time she signed a similar letter.